IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE 6TH CIRCUIT


YVONNE CRADDOCK

      V                             CASE NO. 23-5466


FEDEX CORPORATE SERVICES



ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF TENNESSEE
CASE NO.  2:17-cv-02780-TLP-cgc



BRIEF OF APPELLANT YVONNE CRADDOCK

/s/Mary Brown
P.O. Box 2046
Grenada, MS 38902
MSB 4661
662-226-5878
Marybrown.grenada@gmail.com

**CORPORATE DISCLOSURE**

According to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Rule 26.1, Appellants make the following disclosures:

(1) Is said party a subsidiary or affiliate of a publicly owned corporation? No.

(2) Does a publicly owned corporation or its affiliate, not a party to the appeal, have a financial interest in the outcome? No

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE..................................................................... 2

TABLE OF CONTENT.......................................................................... 3

TABLE OF AUTHORITIES....................................................................5

STATEMENT IN SUPPORT OF ORAL ARGUMENT.......................................9

STATEMENT OF JURISDICTION............................................................10

STATEMENT OF ISSUES.....................................................................11

STATEMENT OF THE CASE..................................................................12

SUMMARY OF ARGUMENT....................................................................17

ARGUMENT.......................................................................................19

I  The verdict form of the jury is contradictory to law and
constitutes plain error .................................................................19

II   The Court erred in limiting the testimony and exhibits to
the date of January 26, 2016.............................................................25

III The Court's action and/or ruling during the trial was in
specific instances prejudicial, lacking in objectivity,
warranting a reversal and remand for a new trial........................29.

IV  The Court erred in mandating that Craddock choose either a dismissal or bifurcation of the liability and damage aspect of the trial…………………………………………………………………………………………….……………..35


V  The cumulative errors inclusive of the contradictory verdict, the punitive requirement of bifurcation of the trial, denial of all evidence post oral notification of termination, and the prejudicial actions/rulings of the Court warrant a reversal of the judgment and remand…………………………………………………………………………………….…………..38


CONCLUSION………………………………………………………………………………………….…………39


Certificate of Service………………………………………………………………….……………40


CERTIFICATE OF COMPLIANCE………………………………………………………….………..41


ADDENDUM……………………………………………………………………………………………….…………42

**TABLE OF AUTHORITIES**

**Adler v. United States,** 182 F. 464 (5th Cir. 1910)...................................................... 33

**Alford v. United States,** 282 U.S. 687, 694, 51 S.Ct. 218, 75 L.Ed. 624 (1931)..............................................30

**Barnett v. Smithwick,** 835 F. App'x 31, 34 (6th Cir. 2020)................................................... 20,21

**Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.,** 76 F.3d 743, 749 (6th Cir.1996)................................................... 20

**Cooper v. Chastain,** 810 F.2d 200 (6th Cir. 1986)..................................................... 22

**Davis v. Alaska,** 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)..................................................... 30

**Dews v. A.B. Dick Co.,** 231 F.3d 1016, 1021 (6th Cir.20............... 28

**Dimick v. Schiedt,** 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935)................................................... 36

**Duncan v. Duncan,** 377 F.2d 49, 52 (6th Cir.), cert. denied, 389 U.S. 913 (1967)................................................... 22

**EEOC v. New Breed Logistics,** 783 F.3d 1057, 1075 (6th Cir. 2015)................................................20,21,22

**Evans v. Walgreen Co.,** 813 F. Supp. 2d 897 (W.D. Tenn. 2011)..................................................... 27

**Glasser v. United States,** 315 U.S. 60, 82-83, 62 S.Ct. 457, 86 L.Ed. 680 (1941)................................................... 34

**Imwalle v. Reliance Med. Prods., Inc.,** 515 F.3d 531, 545 (6th Cir.2008)................................................... 28

**Jones v. Potter**, 488 F.3d 397, 401 (6th Cir. 2007)................................................... 27

**Knapp v. Kinsey,** 232 F.2d 458, 466 (6th Cir.), Cert. denied, 252 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86 (1956)................. 34

**Loeb, v. Textron, Inc.**, 600 F.2d 1003, 1012 n. 6 (1st Cir.1979).................................................. 28

**Lyell v. Renico**, 470 F.3d 1177, 1186 (6th Cir. 2006......... 32

**Maday v. Pub. Libraries of Saginaw**, 480 F.3d 815, 820 (6th Cir. 2007)...................................................21

**McDonnell Douglas Corp. v. Green**, 411 U.S. 792, 802, 36 L. Ed. 2d 668, 93 S. Ct. 1817...................................... 23

**Puckett v. United States**, 556 U.S. 129, 135 (2009........ 20,21

**Quercia v. United States**, 289 U.S. 466, 469, 53 S.Ct. 698, 698-99, 77 L.Ed. 1321 (1933)...................................................... 33

**Reeves v Sanderson Plumbing Products**, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)....................................................23

**Reynolds v. Green**, 184 F.3d 589, 594 (6th Cir. 1999)....................................................21

**Scott v. Miller**, 361 F. App'x 650, 653-54 (6th Cir. 2010)...................................................... 22

**Smith v. Illinois**, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968)...................................................... 30

**Sublett v. Green**, CIVIL ACTION NO. 5:17-CV-00116-TBR (W.D. Ky. Mar 17, 2021)...................................................21

**Swofford v. B & W, Inc.**, 336 F.2d 406, 409 (5th Cir. 1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965)...................................................... 37

**United States v. Baker,** 494 F.2d 1262, 1266 (6th Cir. 1974)...................................................... 30

**United States v Botti,** 711 F.3d. 299, 307-308 ( 2nd Cir. 2013)......................................................20

**United States v. Carabbia,** 381 F.2d 133, 139 (6th Cir. 1967)...................................................... 34

**United States v. Cramer,** No. 10-6410 (6th Cir. Jun 29, 2012)...................................................... 39

**United States v. Eaton,** 784 F.3d 298, 310 (6th Cir. 2015)...................................................... 38

**U.S. v. Garrett,** 542 F.2d 23 (6th Cir. 1976)...................................................... 30

**United States v. Hickman,** 592 F.2d 931 (6th Cir. 1979)....................................................32,33,34,35

**United States v. Hoker,** 483 F.2d 359, 368 (5th Cir. 1973)...................................................... 33

**United States v. Lanham,** 416 F.2d 1140, 1144 (5th Cir. 1969)...................................................... 33

**United States v. Olano,** 507 U.S. 725, 732-33 (1993).......... 21

**United States v. Poindexter,** 942 F.2d 354, 360 (6th Cir. 1991)...................................................... 31

**United States v. Porter,** 886 F.3d 562 (6th Cir. 2018)....... 38

**United States v. Segines,** 17 F.3d 847, 852-53 (6th Cir. 1994)......................................................30

**United States v. Thiam,** 934 F.3d 89, 93 (2d Cir. 2019)...................................................... 20

**United States v. Trujillo,** 376 F.3d 593, 614 (6th Cir. 2004)...................................................... 38

**United States v. Wheaton**, 517 F.3d 350, 372 (6th Cir. 2008)....................................................... 38

***United States  v. Young***, No. 09-5141 (6th Cir. Apr 27, 2011)..............................................31,32,33

**Warfield v. AlliedSignal TBS Holdings**, 267 F.3d 538 (6th Cir. 2001).......................................................37

**Wexler v. White's Fine Furniture, Inc.**, 317 F.3d 564, 578 (6th Cir.2003).................................................. 28

CONSTITUTION

7th Amendment to the US Constitution.................................................................11

**STATUTES**

28 USC Section 1331, 1343.........................................................................10

Civil Rights Act of 1964, 42 USCS 2000e, et seq.......................................10

RULES

Rule 28 (4) of the Federal Rules of Civil Procedure.................................10
Rule 5(d)(1) of the Federal Rules of Civil Procedure.........................
Rule 39(b) of the Federal Rules of Civil Procedure.............................
Rule 41(b) of the Federal Rules of Civil Procedure.........11,14, 35, ................................................................................................................................36

Rule 3 of the Federal Rules of Appellate Procedure................................10
Rule 28(4)of the Federal Rules of Appellate Procedure........................10

FRE 614.....................................................................................................................16
FRE 401.....................................................................................................................26

## <u>STATEMENT IN SUPPORT OF ORAL ARGUMENT</u>

The appellant does not request oral arguments.

## STATEMENT OF JURISDICTION

Jurisdiction is according to Rule 28(4) of the Federal Rules of Appellate Procedure, the appellant asserts the following basis of jurisdiction:

(A)   The District Court for the Western District of Tennessee, Memphis, Division had original jurisdiction pursuant to 28 USC Section 1331, 1343 and 42 USCS Section 2000e-5.  This case was brought under Title VII of the Civil Rights Act of 1964, 42 USCS 2000e, et seq. The jurisdiction of the District Court was invoked to secure protection and redress for the deprivation of rights guaranteed by federal law.

(B)   The appellant timely appealed to the United States Circuit Court for the 6th Circuit by Rule 3 of the Federal Rules of Appellate Procedure which granted the right to appeal from a final decision of the United States District Court.  The district court had subject matter jurisdiction under 28 U.S.C. § 1331.  Plaintiffs' claims arise under federal law.

(C)  The United States District Court entered its FINAL JUDGMENT  on April 19, 2023.  The appellant timely filed her Notice of Appeal on May 17, 2023.

(D)  This Court has appellate jurisdiction under 28 USCS 1291.

The appellant appeals from a final judgment that disposed

of all claims of the appellant.

## STATEMENT OF ISSUES

The statement of the issues is as follows:

I.  The verdict form of the jury is contrary to law and constitutes plain error.

II   The Court erred in limiting the testimony and exhibits to the date of January 26, 2016, as post-termination and irrelevant.


III The Court's action and/or ruling during the trial was in specific instances prejudicial and lacking in objectivity, warranting a reversal and remand for a new trial.


IV  The Court erred in mandating that Craddock choose either an involuntary dismissal under Rule 41(b) or relinquishment of her 7th Amendment rights by bifurcation of the liability and damage aspect of the trial in addressing the supplementation of evidence.

V  The cumulative errors inclusive of the contradictory verdict, the punitive requirement of bifurcation of the trial, denial of all evidence post oral notification of termination, and the prejudicial actions/rulings of the Court warrant a reversal of the judgment and remand.

## STATEMENT OF THE CASE

The appellant, Yvonne Craddock filed her complaint, the subject of the appeal, alleging violation of Title VII of the Civil Rights Act on the basis of race discrimination, hostile work environment, FMLA, and retaliation on October 23, 2017, **Complaint, RE 1, Page ID 1** The Complaint was amended on 3/20/2018. Amended Complaint, **RE 10, Page ID 44.**

FedEx Corporate Services filed a Motion to Dismiss, Motion to Dismiss, **RE 16, Page ID** and Answered the Complaint on May 11, 2018, Answer, **RE 18, Page ID 138** Craddock filed her Response to the Motion to Dismiss on July 3, 2018, Answer to Motion to Dismiss, **RE 25** with the appellee filing their Response in Support of the Motion to Dismiss on July 16, 2018, Response in Support of Motion to Dismiss, **RE 26.**

The United States District Court for the Western District of Tennessee filed an order granting in part and denying in part FedEx Corporate Services's Motion to Dismiss, Order Granting in

Part and Denying in Part Motion to Dismiss, **RE 43, Page ID 309.**
The District Court denied FedEx's Motion to dismiss the race
discrimination claims, hostile work environment, and retaliation
claims pursuant to Title VII while dismissing Craddock's Family
Medical Leave Act Claim on 3/14/19.

After completion of discovery, FedEx Corporate Services
filed a Motion for Summary Judgment on January 9, 2020, Motion
for Summary Judgment, **RE 54, Page ID 335.**   Craddock filed her
Response in Opposition to Motion for Summary Judgment Filed by
Appellant, **RE 72, Page ID 643** March 31, 2020, with FedEx
Corporate Services filing their reply on April 14, 2020, Reply
to Response Opposing Motion for Summary Judgment, **RE 73, Page ID
714** .  The Court granted FedEx Corporate Services Motion for
Summary Judgment on May 19, 2020, Order Granting Motion for
Summary Judgment, **RE 74, Page ID 726.**  Craddock timely appealed
to this Court on the 18th day of June 2020, Notice of Appeal, **RE
76, Page ID 754.**

This Court affirmed the dismissal of all claims except the
claim of termination based upon racial discrimination.  **RE 78,
Page ID 759.**  Subsequently, this Court issued an amended order
remanding the claim of race discrimination and clarifying its
prior decision, **RE 82, Page ID 789.**

On May 18, 2022, Attorney Peggy Lee substituted for
Attorney Wanda Abioto.   **RE 89, Page ID 821.** The trial was set

for September 2022.  FedEx was granted leave to depose the plaintiff on the efforts to mitigate damages.   FedEx subsequently filed a Motion for Sanctions and Motion in Limine to Exclude any Evidence of Plaintiff's Alleged Economic Damages and any Effort to Mitigate those Damages, **RE 100, Page ID 825.** FedEx also filed a  MOTION in Limine *to* Exclude Testimony and Evidence post termination by Fedex Corporate Services, Inc.   **RE 103, Page ID 1007.**   Craddock filed response to the Motion for Sanction and Motion in Limine to Exclude Economic Damages, RE 106, Page ID ____ and the Motion in Limine to Exclude Testimony RE 115, Page ID ____.   The Cout granted FedEx's Motion for Sanctions, **R.E. 122, Page ID 1599-1601.** November 4, 2022, the Court granted FedEx's Motion for Sanctions and ordered the plaintiff to pay the amount of $2,438.44 to be paid forthwith, no later than Friday, November 11, 2022.   The Court set a deadline for Craddock to supplement proof of damages by 10/7/2022.  The jury trial was reset for Monday, 11/14/2022, **Minute Entry 104.**  The Court further cautioned Craddock that the Court was very close to dismissing the case outright and would consider excluding economic damages for trial.   if **trial proceeds as scheduled, Minute Entry # 116.**

On November 15, 2022, the Court held a status conference in which the Court gave the Plaintiff a choice:  either Craddock could agree to bifurcate the trial allowing the jury to decide

only the question of liability and allowing a bench trial on the issue of damages or the Court would dismiss her case or her claim for damages under Rule 41(b) of the Federal Rules of Civil Procedure.   The plaintiff under extreme duress, accepted the bifurcation of the trial in lieu of a dismissal.    The Court gave Craddock until December 1, 2022, to supplement the record as to damages and held that no further supplementation would be allowed. **Document 159 Filed 05/15/23 Page 57 of 61 PageID 1848.**

The Court in response to FedEx's motion in limine to exclude any evidence post-termination stated that the Court would rule on the evidence as it was submitted during the course of the trial. **RE 120 Minute Entry.**

The trial commenced on March 27, 2023.    During the course of the trial, the Court consistently denied Craddock from presenting key evidence that would have established pretext by limiting testimony and admissibility of evidence to the date of January 26, 2016 - the date Craddock was informed of her termination by Scallions( manager) and Pysniak, Transcript of Pysniak, **Document 162 Filed 05/15/23 Page 90 of  288 PageID 2361 ll 8-16**

Craddock attempted to present evidence that:(1) she did not receive written termination notice until April 2016; that she was given the right to present evidence to refute suspension and

termination after the occurrence of those events; (2) that she actually submitted documentation refuting the wrongful suspension and termination and finally the investigation report dated April 16, 2016, showed the facts to be inconclusive.**( Offer of Proof/ Witness/Exhibit List RE 140, Page ID ____).** In each of these instances, the Court denied admissibility of testimony and/or evidence that occurred after the date of the oral notice of termination on January 26, 2016.

Craddock contends that the Court, during the trial, abandoned its judiciary role and became advocate exceeding Rule 614 of the Rules of Evidence by (a) calling for an excessive number of intensive sidebars in the absence of an objection while acutely aware that it was prejudicial, **Transcript Pysniak Testimony, RE 50 of 288, PageID 2321 ll 4-13**; (b) threatening to hold Craddock's counsel in contempt for presenting evidence of pretext that exceeded the date of verbal notification of termination,**Document 162 Page 170-171 of 288 PageID 2441 TESTIMONY OF CYNTHIA FISCHER (RESUMED) UNREDACTED TRANSCRIPT;** (c)emotional outburst while standing up in bench towering over Craddock's counsel while waving his arm in the presence of the jury, **Document 162 Filed 05/15/23 Page 186 of 288 PageID 2457 1-6;** (4) acknowledging the likelihood of a mistrial based upon the number of sidebars and the prejudicial effect upon the jury, See., **Transcript Pysniak Testimony, RE 50 of 288, PageID 2321 ll**

**4-13**; and limiting the testimony and evidence presented during the offer of proof **RE 135, Page ID  and RE 140, Page ID .**

The jury returned a verdict on March 31, 2023, that was contradictory to the law and constitutes plain error.  **Document 146 Filed 03/31/23 Page 1 of 2 PageID 1688**  The judge entered an amended order on April 19, 2023, in favor of FedEx Corporate Services, Inc. and against Yvonne Craddock dismissing the case with prejudice. **Document 149 Filed 04/19/23 Page 1 of 2 PageID 1694.**

**SUMMARY OF ARGUMENT**

Yvonne Craddock, an employee of FedEx was wrongfully terminated for workplace violence, even though she was defending herself from the actions of Cindi Fisher ( a white female).  The white comparator, Cindi Fisher was not suspended during the term of the investigation, disciplined, or terminated for her actions. The jury found in their verdict that Craddock had proven by a preponderance of the evidence in her prima facie case; that FedEx had articulated a non-discriminatory reason for the termination but that Craddock had proven beyond a preponderance of the evidence that the reason was pretextual.

Craddock seeks a reversal of the Court's Judgment entered on April 19, 2023, based on plain error, that the verdict was in favor of FedEx as the verdict form clearly showed that the jury found (1) that Craddock met the prima facie case by a

preponderance of the evidence, (2) that FedEx articulated a
legitimate nondiscriminatory reason for the termination and (3)
that Craddock proved by a preponderance of the evidence that the
reason was pretextual. The last line of the verdict form was
contradictory to the finding of race discrimination.  This error
substantiates a reversal.

Notwithstanding, Craddock seeks a reversal of the verdict in
favor of FedEx based upon the error of the District Court in
disallowing evidence in the form of testimony and exhibit of
actions/non-action taken by FedEx after the date of oral
notification of the plaintiff's termination which included but
is not limited to (1) the continued investigation that occurred
after the oral notice of termination; (2) the policy that allows
an employee to provide a written statement objecting to the
suspension/termination; (3)evidence that the investigation into
the termination and the facts that led up to the termination was
open as late as April 2016; (4) evidence that the security
investigator in his report found that the facts were
inconclusive.


The Court's action and/or ruling during the trial was in
specific instances extremely prejudicial, lacking in
objectivity, and represented an abandonment of the judiciary
role to that of an advocate warranting a reversal and remand for

a new trial.  The Court further abused its discretion and erred in mandating that Craddock would agree to bifurcate the trial or her case and/or claim for damages would be dismissed. Finally, the cumulative errors inclusive of the contradictory verdict, the punitive requirement of bifurcation of the trial, denial of all evidence post oral notification of termination, and the prejudicial actions/rulings of the Court warrant a reversal of the judgment and remand.

## ARGUMENT

### I  The verdict form of the jury is contradictory to law and constitutes plain error

The jury's verdict form is contradictory to a finding that the verdict was in favor of FedEx.  The jury found that Craddock proved a prima facie case of race discrimination based on her termination by a preponderance of the evidence.  The jury found that FedEx offered evidence of a legitimate, nondiscriminatory reason for terminating Craddock. The jury found that Craddock proved by a preponderance of the evidence that the reason advanced by Defendant for her termination was a pretext for race discrimination.  The final question responded to by the jury contradicted their evidentiary finding of a verdict for the plaintiff by responding that Plaintiff Craddock did not prove by a preponderance of the evidence that she was the victim of

intentional race discrimination when she was terminated.  There
is no basis in fact for this finding.  Craddock seeks a reversal
of a finding for FedEx based on plain error.   "A court may
consider a plain error in the instructions that have not been
preserved as required by F.R.C.P. 51(d)(1) if the error affects
substantial rights." Under plain error review, a court must find
four factors:  First, there must be an error or defect ... that
has not been intentionally relinquished or abandoned, i.e.
affirmatively waived, by the appellant. Second, the legal error
must be clear or obvious, rather than subject to reasonable
dispute. Third, the error must have affected the appellant's
substantial rights. Fourth and finally, if the above three
prongs are satisfied ... discretion ... ought to be exercised
only if the error seriously affects the fairness, integrity or
public reputation of judicial proceedings. **EEOC v. New Breed
Logistics**, 962 F.Supp.2d 1001, 1009 (W.D. Tenn. Aug. 23, 2013)
(quoting **Puckett v. United States**, 556 U.S. 129, 135 (2009)).
 "'Generally, the propriety of jury instructions is a matter of
law that is reviewed de novo,' under a harmless error standard
if the defendant objected to the jury instructions at trial and
a plain error standard if he did not." **United States v. Thiam**,
934 F.3d 89, 93 (2d Cir. 2019) (quoting **United States v. Botti**,
711 F.3d 299, 307-08 (2d Cir. 2013)); **Barnett v. Smithwick**, 835
F. App'x 31, 34 (6th Cir. 2020). "Where a party fails to

preserve its objection to jury instructions, we review the instructions for plain error." **EEOC v. New Breed Logistics**, 783 F.3d 1057, 1075 (6th Cir. 2015) (citing **Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.**, 76 F.3d 743, 749 (6th Cir.1996)). Craddock did not object to the jury instructions, so plain error review applies, **Sublett v. Green**, CIVIL ACTION NO. 5:17-CV-00116-TBR (W.D. Ky. Mar 17, 2021).

In this particular instance, Craddock asserts two positions: (1) that the verdict form was erroneous as it relates specifically to the inclusion of the final question in the verdict form that Craddock, did not prove by a preponderance of the evidence that she was the victim of intentional race discrimination when she was terminated and (2) that the jury made an evidentiary finding of verdict for the plaintiff and that the 4th question included a standard which was not supported by the law. The jury instruction submitted by Craddock was a correct statement of the law (Doc. 139, Page ID 1620). "Demonstrating plain error is a tall order." **Barnett**, 835 F. App'x at 34 (citing **Maday v. Pub. Libraries of Saginaw**, 480 F.3d 815, 820 (6th Cir. 2007)). "Plain error is defined as an ' obvious and prejudicial error that requires action by the reviewing court in the interests of justice.'" **New Breed Logistics**, 783 F.3d at 1075-76 (quoting **Reynolds v. Green**, 184 F.3d 589, 594 (6th Cir. 1999)). To require action by this Court,

Sublett must demonstrate "an 'error or defect—some sort of deviation from a legal rule' that is 'obvious and prejudicial,' and 'requires action . . . in the interests of justice.'" Barnett, 835 F. App'x at 34 (citing **Puckett v. United States**, 556 U.S. 129, 135 (2009); **United States v. Olano**, 507 U.S. 725, 732-33 (1993); **New Breed Logistics**, 783 F.3d at 1075; **Scott v. Miller**, 361 F. App'x 650, 653-54 (6th Cir. 2010)) (internal citations, internal quotation marks, and brackets omitted). Craddock, according to the verdict form, met all the elements required to prove discrimination.  The Court should reverse and find that the verdict was for Craddock form and remand for determination for damages.

On April 19, 2023, the District Court entered a judgment asserting that the jury rendered its verdict on March 31, 2023, in favor of FedEx Corporate Services.  The Court after the jury foreman read the jury verdict form codified the verdict as follows,

" THE COURT: All right. So, the verdict, again, as to the ultimate question of whether the termination was based on race discrimination, the answer was no. And so I don't know that there's much more for us to deal with at this time."(ECF No. 146)

A "jury verdict may be set aside only if it is one that could not have been reasonably reached. **Duncan v. Duncan**, 377 F.2d 49,

52 (6th Cir.), cert. denied, 389 U.S. 913 (1967)**." Cooper v.
Chastain,** 810 F.2d 200 (6th Cir. 1986)  The judgment that the
jury found for FedEx was not reasonable in light of the prior
findings based upon the evidence. In this instance, the Court
specifically referenced and delineated a finding for FedEx
solely on the ultimate questions which was not supported by fact
or law.   The Court even in the absence of an objection or a
Motion For Judgment should have exerted its judicial powers and
returned the verdict form back to the jury with clarifying
instructions or found for Craddock based upon law.   The Supreme
Court in **Reeves v Sanderson Plumbing Products,** 530 U.S. 133, 120
S. Ct. 2097, 147 L. Ed. 2d 105 (2000) found that a plaintiff's
prima facie case of discrimination (as defined in **McDonnell
Douglas Corp. v. Green,** 411 U.S. 792, 802, 36 L. Ed. 2d 668, 93
S. Ct. 1817, and subsequent decisions), combined with sufficient
evidence for a reasonable factfinder to reject the employer's
nondiscriminatory explanation for its decision, may be adequate
to sustain a finding of liability for intentional discrimination
under the ADEA.   Craddock maintains that her termination, based
upon the testimony of Scallions ( mgr), was based solely on her
violation of the acceptable conduct policy.   There were no
other reasons for termination and as such the jury's finding
that she had met the burden of proof by a preponderance of the
evidence and refuted the legitimate non-discriminatory reason as

a pretext by a preponderance of the evidence was all that was required for a finding of intentional discrimination.    FedEx from the point of suspension to the point of termination failed to hold Fisher ( white female) accountable under the policy for violation of the policy. FedEx did nothing to address the actions of Fisher, even after they became aware.   Fisher in her testimony admitted that she got out of her chair and came upon Craddock, toe to toe.   Her testimony was as follows:

A.  Well, like I said in the testimony and like I just showed you, when I turned around and faced her, I'm maybe three feet away. When I stand up, I'm even closer, I'm within one step from being nose-to-nose, toe-to-toe.
Q. Okay. So you're saying at that point when you stood up and turned around to her, you all were toe-to-toe almost touching each other.
A. Correct.
Q. Okay. Did you ever say at any time after you stood up, you moved closer to her?
A. That's what happens when you stand up.
Q. After you stood up, then you moved closer to her. Didn't you say you stood up and then you moved closer to her?
A. Okay. If we were a foot apart, and I step that last foot towards, we were basically toe-to-toe. (Document 162 Filed 05/15/23 Page 149 of 288 PageID 2420) …

Q. Okay. You moved closer to her after you stood up?
A. Yes.  Document 162 Filed 05/15/23 Page 150 of 288 PageID 2421 LL 4-5…

A. Moved closer to her so that would not be screaming in the office.
Q.  Okay. So you turned around and stood up. You were closer to her at that point I believe you said.
A. I was closer than when I was seated, yes.
Q. Okay. And then did you again move closer to her?

A. Yes.

Cindi Fisher was the aggressor. This Court should find that the verdict was for Craddock.

## II  The Court erred in limiting the testimony and exhibits to the date of January 26, 2016.

During the trial, the Court disallowed testimony and/or exhibits that occurred after the date of notification of termination, January 26, 2016.  Craddock sought to introduce evidence that detailed information of the habitual aggressive actions of Cindi Fisher during her employment, a detailed description of the events that transpired on December 3, 2015, between Fisher and Scallion, and continual efforts to inform her manager of the actions of Fisher and the refusal of the manager to act.  The documents referenced were submitted as offers of proof and **ID as Exhibit 1-5.**    The evidence submitted as an offer of proof showed that FedEx knew of the behavior of Fisher and intentionally failed to act according to their policy against workplace violence more probable than not.  Moreover, the evidence established that FedEx intentionally failed to address the behavior of Fisher ( a white woman) and discipline her in accordance with their policy based on race.  Although Craddock was notified orally of her termination on or about January 26, 2017, the investigation remained open until April 19, 2016,

which coincided with the receipt of the written notification on or about April 26, 2016. The admissibility of these documents would have supported Craddock's theory of the case that FedEx (1)provided an opportunity for an aggrieved employee to submit a written statement of position/objection ( Exhibit ____); (2) provided a hotline if the employee needed assistance, ( Exhibit ) ; (3)that the investigation was ongoing; (4) that FedEx failed to hold Cindi Fisher accountable for violation of the acceptable conduct policy and (5) that FedEx knew that Craddock had not pushed Fisher intentionally but only acted in self-defense based upon Fisher's physical act of aggression.  The fact of the matter is that FedEx only gave lip service to the acceptable conduct policy when it involved disagreements between its white and black employees.  FedEx knew that its finding that Craddock violated the acceptable conduct policy was pretextual.  The report of the security investigator revealed that the findings were not conclusive.  This report was denied admissibility because it was dated April 19, 2016, three months after the verbal notice of termination.   Craddock received the formal written termination notice seven days later after the security report - back-dated for January 26, 2016. The relevance of investigative reports and testimony were relevant under Rule 401 of the FRE. goes to show not only pretext but complicity in withholding evidence and protecting Fisher.

FedEx contends that it terminated Plaintiff's employment for violating its workplace violence policy. Rich Pyszniak, the Human Resources advisor testified that any employee who physically touches another in an aggressive or violent manner will be terminated. (ECF No. 54-1 at PageID 346.) If the application of said policy was applied indiscriminately then the reason for terminating Craddock would have been a legitimate, nondiscriminatory explanation for terminating Plaintiff's employment. See, e.g., **Evans v. Walgreen Co.**, 813 F. Supp. 2d 897 (W.D. Tenn. 2011) (citing **Jones v. Potter**, 488 F.3d 397, 401 (6th Cir. 2007)).

Craddock testified that FedEx by and through its employees, Scallion, Psyniak, and others took no action to report, investigate, document, suspend, and terminate Fisher for aggressive and violent actions against Craddock on three separate occasions, and as such the policy was pretextual or as applied discriminatory based upon race. Craddock's attempt to produce evidence that was post the January 26, 2016 date would have shown the continuation of a habit/routine practice that FedEx Corporate Services failed to adhere to their own policy. This routine practice/habit by FedEx was (a) not reporting acts of harassment to Human Resources made by Craddock, a black woman against a white woman, Cindi Fisher; (b) engaging in secretive investigative tactics with Cindi Fisher while simultaneously

communicating to Craddock that a discussion had been had with Fisher regarding her lack of supervisory authority and that the hours of Craddock was not her responsibility; (c) failing to suspend/investigate/ terminate Fisher after knowledge was provided of her duplicity in workplace harassment and violence; (d) after knowledge became available to FedEx of Fisher's acts of harassment and violence, FedEx intentionally protected Fisher and failed to discipline, suspend, and terminate Fisher as they had done to Craddock

A plaintiff can refute the legitimate, nondiscriminatory reason that an employer offers to justify an adverse employment action "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." **Dews v. A.B. Dick Co.**, 231 F.3d 1016, 1021 (6th Cir.2000). See **Imwalle v. Reliance Med. Prods., Inc.**, 515 F.3d 531, 545 (6th Cir.2008). Craddock attempts to introduce relevant evidence that occurred after the January 26, 2016 date was challenges the reasonableness of the employer's decision and sheds light on whether the employer's proffered reason for workplace violence for the termination was its actual motivation. **Wexler v. White's Fine Furniture, Inc.**, 317 F.3d 564, 578 (6th Cir.2003) (en banc)9 **Loeb, v. Textron, Inc.**, 600

F.2d 1003, 1012 n.see also 6 (1st Cir.1979)    The Court's

refusal to admit relevant post-termination evidence was an abuse

of discretion.

**III  The Court's action and/or ruling during the trial was in
specific instances prejudicial and lacking in objectivity
warranting a reversal and remand for a new trial.**

During the course of the trial, the Court continually

overstepped its bounds by calling for sidebars when there were

no objections raised by FedEx:

```
160 Filed 05/15/23 Page 144 of 154 PageID 1996,
161 Filed 05/15/23 Page 193 of 265 PageID 2199,
162 Filed 05/15/23 Page 37 of 288 PageID 2308,
162 Filed 05/15/23 Page 86 of 288 PageID 2357,
162 Filed 05/15/23 Page 166 of 288 PageID 2437,
162 Filed 05/15/23 Page 170 of 288 PageID 2441,
162 Filed 05/15/23 Page 215 of 288 PageID 2486,
162 Filed 05/15/23 Page 241 of 288 PageID 2512
```

Other actions include: threatening the plaintiff's counsel with

contempt for making a record ( Document 162 Filed 05/15/23 Page

170-171 of 288 PageID 2442); standing up on the bench, waving

his hands while towering over plaintiff's counsel ( Document 162

Filed 05/15/23 Page 186 of 288 PageID 2457), sidebars where the

Court acts as advocate, as opposed to the judiciary-drilling

Craddock's attorney on her intent and engaging in multiple

excessive, long-winded sidebars which were highly prejudicial:

Document 160 Filed 05/15/23 Page 148-151 of 154 PageID 200,
Document 161 Filed 05/15/23 Page  54-60 of 265 PageID 2066,
Document 161 Filed 05/15/23 Page 63-64 of 265 PageID 2069,
Document 161 Filed 05/15/23 Page 70-74 of 265 Page ID 2080,
Document 161 Filed 05/15/23 Page 92-96 of 265 PageID 2098,

Document 161 Filed 05/15/23 Page 225-227 of 265 PageID 2233,
Document 161 Filed 05/15/23 Page 244-247 of 265 PageID 2250,
Document 161 Filed 05/15/23 Page 252-257 of 265 PageID 2259,
Document 162 Filed 05/15/23 Page 10-18 of 288 PageID 2281,
Document 162 Filed 05/15/23 Page 37-39 of 288 PageID 2308,
Document 162 Filed 05/15/23 Page 44-48 of 288 PageID 2315,
Document 162 Filed 05/15/23 Page 54-56 of 288 PageID 2325,
Document 162 Filed 05/15/23 Page 57-61 of 288 PageID 2328,
Document 162 Filed 05/15/23 Page 69-72 of 288 PageID 2340,
Document 162 Filed 05/15/23 Page 86-92 of 288 PageID 2357,
Document 162 Filed 05/15/23 Page 98-102 of 288 PageID 2369,
Document 162 Filed 05/15/23 Page 145-147 of 288 PageID 2416,
Document 162 Filed 05/15/23 Page 166-168 of 288 PageID 2437,
Document 162 Filed 05/15/23 Page 170-171 of 288 PageID 2441,
Document 162 Filed 05/15/23 Page 172-173 of 288 PageID 2443,
Document 162 Filed 05/15/23 Page 185-189 of 288 PageID 2456,
Document 162 Filed 05/15/23 Page 215-220 of 288 PageID 2486,
Document 162 Filed 05/15/23 Page 241-242 of 288 PageID 2512,
Document 163 Filed 05/15/23 Page 18-19 of 109 PageID 2577,
Document 163 Filed 05/15/23 Page 76-79 of 109 PageID 2635,

It is well settled that the extent to which a witness may be cross-examined is a matter to be determined by the trial court in the exercise of its sound discretion. **Alford v. United States**, 282 U.S. 687, 694, 51 S.Ct. 218, 75 L.Ed. 624 (1931); **United States v. Baker**, 494 F.2d 1262, 1266 (6th Cir. 1974). However, a limitation on cross-examination which prevents a person charged with a crime from placing before the jury facts from which bias, prejudice, or lack of credibility of a prosecution witness might be inferred constitutes a denial of the right of confrontation guaranteed by the Sixth Amendment. **Davis v. Alaska**, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); **Smith v. Illinois**, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); **Alford v. United States**, supra.

**U.S. v. Garrett**, 542 F.2d 23 (6th Cir. 1976)

"Hostile comments of the district court may rise to the level of reversible error. See, e.g., **United States v. Segines**, 17 F.3d 847, 852-53 (6th Cir. 1994) (collecting cases)." ***United States v. Young***, No. 09-5141 (6th Cir. Apr 27, 2011). A preliminary issue is whether the statement made at the sidebar was overheard by the jury. The Court in Young cites **United States v. Poindexter**, 942 F.2d 354, 360 (6th Cir. 1991), in which this Court stated, "this court will assume that the [sidebar] conference is within the jury's hearing unless the record shows otherwise." **United States v. Young**, No. 09-5141 (6th Cir. Apr 27, 2011). In this instance, the record as reflected by the court reporter documents that the sidebar was outside of the hearing of the jury. However, the jury was aware of the number of sidebars that were called in reference to the presentation of Craddock's counsel's direct or cross-examination. The posture and actions of the Court were clearly seen by the jury, particularly in the instance where the Court stood up on the bench and towered over the plaintiff's counsel waving his hands/arms. Counsel for the plaintiff makes the following statement documenting the actions of the Court.

MS. LEE: Your Honor, I feel like I've been just cutoff and intimidated honestly. I do. Because I keep -- you know, I keep getting this, move on, move on, and standing up and waving your arms at me. And so I was a little -- honestly, so I did. There was a couple of things that I left off, and that was certainly

The jury might not have heard the words of the Court but the Court's demeanor was on display for the entire jury.  Most importantly, the sidebars were held primarily when Craddock's counsel was questioning the witnesses and not when FedEx was before the jury.   The jury was clearly able to deduce the discontent the Court had for the plaintiff's counsel.  This Court has noted, "a judge's misconduct at trial may be characterized as bias or prejudice only if it is so extreme as to display clear inability to render fair judgment, so extreme in other words that it displays a deep-seated favoritism or antagonism that would make fair judgment impossible." **Lyell v. Renico**, 470 F.3d 1177, 1186 (6th Cir. 2006) (internal citations omitted). **United States  v. Young**, No. 09-5141 (6th Cir. Apr 27, 2011). The Court did not issue a cautionary instruction after the presentation of the case based on his actions.

Unlike the Court in **United States v Young**, No 09-5141 (6th Cir. April 27, 2011, where …"The trial judge avoided any prejudice by properly instructing the jury on the irrelevance of anything he may have said that could be construed as expressing an opinion on any issues in the case:...the Court did not issue a

cautionary instruction. Even where a cautionary instruction was given, this Court in the **United States v. Hickman**, 592 F.2d 931 (6th Cir. 1979), held that the jury cautionary instructions were insufficient to offset the damage done by the trial judge's statements. Like in **Hickman**, this trial judge dominated… with "constant interruptions, exhibited a consistently anti-defense tone, interfered with defense cross-examination…" Id. at 934-936. **United States v. Young**, No. 09-5141 (6th Cir. Apr 27, 2011). In a trial by jury in a federal court, the judge is not a mere moderator but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law. **Quercia v. United States**, 289 U.S. 466, 469, 53 S.Ct. 698, 698-99, 77 L.Ed. 1321 (1933). Thus, the mere asking of questions is not at all improper. The problem is that potential prejudice lurks behind every intrusion into a trial made by a presiding judge. The reason for this is that a trial judge's position before a jury is "overpowering." **United States v. Hoker**, 483 F.2d 359, 368 (5th Cir. 1973). His position makes "his slightest action of great weight with the jury." **United States v. Lanham**, 416 F.2d 1140, 1144 (5th Cir. 1969), Citing **Adler v. United States**, 182 F. 464 (5th Cir. 1910). See **Quercia v. United States**, supra at 470, 53 S.Ct. 525.

Craddock recognizes the "importance and value of the trial judge in the federal court as more than a mere arbitrator to rule upon

objections and to instruct the jury. It is his function to conduct the trial in an orderly way with a view to eliciting the truth and to attaining justice between the parties. It is his duty to see that the issues are not obscured and that the testimony is not misunderstood. He has the right to interrogate witnesses for this purpose." **United States v. Carabbia**, 381 F.2d 133, 139 (6th Cir. 1967), Citing **Knapp v. Kinsey**, 232 F.2d 458, 466 (6th Cir.), Cert. denied, 252 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86 (1956). See **Glasser v. United States**, 315 U.S. 60, 82-83, 62 S.Ct. 457, 86 L.Ed. 680 (1941).

"More common is the appearance of partiality which can easily arise if the judge intervenes continually on the side of one of the parties..." **U.S. v. Hickman**, 592 F.2d 931 (6th Cir. 1979). The number of interjections by the Court was excessive compared to the absence of interjections by the Court in the questioning of the defendant.


The Court and FedEx knew that the Court's actions were prejudicial to Craddock as is reflected in the sidebar below:

MR. HOLMES: Because, Your Honor, I really do want to emphasize, because at this point I really am starting to worry about the frustration of the jury.

THE COURT: Me, too. MR. HOLMES: And I hate to start thinking about in terms of mistrial. But if it just keeps on, it just -- anyway, I just wanted to say that.

THE COURT: I completely agree, and I'm concerned about it as
well. So we need to tighten up, Ms. Lee, in a hurry.
MR. BABCOCK: Thank you.
Document 162 Filed 05/15/23 Page 50 of 288 PageID 2321 ll 4-13
Pysniak

While FedEx and the Court made this observation, the sidebars

and badgering of the plaintiff's counsel continued without

respite.

Like Hickman, the plaintiff is convinced that the actions of the

Court amounted to plain error constituting a reversal and

remand. **U.S. v. Hickman**, 592 F.2d 931 (6th Cir. 1979)


**IV   The Court erred in mandating that Craddock choose either a
dismissal or bifurcation of the liability and damage aspect of
the trial.**


In response to FedEx's Motion for Sanctions a hearing was held

on whether Craddock would be allowed to supplement her

discovery, (Craddock had attempted to supplement discovery on

the issue of mitigation several times).  The Court in response

gave the plaintiff a no-win option, either choose an involuntary

dismissal or relinquish the right to a jury trial on the issues

of damages.  The Judge commented as follows:


Court:  So I went back and looked at Rule 41. And Rule 41(b)
says that the Court has the authority -- if the plaintiff fails
to prosecute their case, the Court has the authority to dismiss

claim… **Document 159 Filed 05/15/23 Page 44 of 61 PageID 183  LL 5-8**

Court:  And so I am convinced on this record that the Court could dismiss this case on the basis of the plaintiff's failure to prosecute her damages claims. And that's one approach I could take… **Id. LL 12-15**

Court:  And so another approach that crosses my mind is to let the parties proceed to trial in front the jury on the question of liability only, and then argue and have a hearing, before me, on the question of damages, and the Court to decide damages rather than the jury… **LL 13-17 Document 159 Filed 05/15/23 Page 45 of 61 PageID 1836**

Court:  Those are your choices. Okay? Your choice is either you're going to force me to rule on the Rule 41 motion, because the record, in my mind, the record supports a conclusion that your client has failed to prosecute her case and comply with Court orders to produce discovery sufficiently to pursue her case; and, therefore, it would..
justify this Court dismissing her claims for damages. I can either do that, or we can bifurcate the case, let the jury decide liability. And if the jury rules in your favor, then we'll come back and have a hearing before this Court and I can decide the damages.
**159 Filed 05/15/23 Page 49 of 61 PageID 1840**


The right to a jury trial is inviolate. The Court cannot use

Rule 41 of the Federal Rules of Civil Procedure to force

Craddock to relinquish her right to a jury trial. The right to a

jury trial is guaranteed by the Seventh Amendment and "occupies

so firm a place in our history and jurisprudence that any

seeming curtailment of the right to a jury trial should be

scrutinized with the utmost care." **Dimick v. Schiedt**, 293 U.S.

474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935).4 It becomes

discretionary for the trial judge to grant a jury trial only when the right has been waived by failure to make a demand. But even when exercising its discretion under Rule 39(b) of the Federal Rules of Civil Procedure, "the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." **Swofford v. B & W, Inc.**, 336 F.2d 406, 409 (5th Cir. 1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965).

The Court cannot hinge the choice and right to a jury trial on an involuntary dismissal of a case or claim. The action is coercive. The plaintiff had no choice but to give up the right to a jury trial in the face of an involuntary dismissal which would have resulted in the final adjudication on the merits. Craddock's only option was to agree to give up the right to a jury trial if she wanted her right to her day in court- if she wanted due process at all.

In **Warfield v. AlliedSignal TBS Holdings,** 267 F.3d 538 (6th Cir. 2001) this Court wrote of the coercive conditions:

> In order for us to find that the district court and
> AlliedSignal caused Warfield to dismiss her claims
> involuntarily, we would have to find that they created
> coercive conditions that negated Warfield's ability to make
> a free choice in the matter. See Black's Law Dictionary 833
> (7th Ed. 1999) (defining " ; involuntary" as "not resulting
> from a free and unrestrained choice; not subject to control
> by the will.").

Craddock had no choice.  She was forced to either give up her

7th Amendment right to a jury trial or give up her 14th

Amendment due process rights.  She chose the lesser of the two

evils. Craddock prays that this Court will reverse and remand

based upon the actions of the Court.

**V  The cumulative errors inclusive of the contradictory verdict,
the punitive requirement of bifurcation of the trial, denial of
all evidence post oral notification of termination, and the
prejudicial actions/rulings of the Court warrant a reversal of
the judgment and remand.**

This Court has stated in **United States v. Porter**, 886 F.3d 562

(6th Cir. 2018),  "A cumulative error claim alleges a violation

of a defendant's due process right to a fair trial." **United**

**States v. Eaton,** 784 F.3d 298, 310 (6th Cir. 2015). "However,

cumulative-error analysis is not relevant where no individual

ruling was erroneous."

Each of the issues raised by Craddock raises to the level of a

reversible level.  Notwithstanding this Court has held that "a

defendant must show that the combined effect of individually

harmless errors was so prejudicial as to render his trial

fundamentally unfair." **United States v. Trujillo,** 376 F.3d 593,

614 (6th Cir. 2004). "[E]rrors that might not be so prejudicial

as to amount to a deprivation of due process when considered

alone . . . may cumulatively produce a trial setting that is

fundamentally unfair." Id. (internal quotation marks and

citations omitted). Nevertheless, cumulative error cannot lie where individual errors do not exist. See **United States v. Wheaton**, 517 F.3d 350, 372 (6th Cir. 2008) (holding that the cumulative error analysis looks to "actual errors, not non-errors"). **United States v. Cramer**, No. 10-6410 (6th Cir. Jun 29, 2012). The cumulative error warrants a reversal and remand.


## CONCLUSION

Craddock requests that this Court reverse the verdict and remand the case for further proceedings on the issue of damages by a sworn jury.


Dated:   October 25, 2023


/s/Mary Brown

P.O. Box 2046
Grenada, MS 38902
MSB 4661
662-226-5878
Marybrown.grenada@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Mary Brown certify that I have electronically transmitted

Appellant's brief:


Barak J. Babcock
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B 3rd Floor
Memphis, TN 38125
901-434-8523
Fax: 901-492-9930
Email: barak.babcock@fedex.com

Charles V. Holmes
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Ste Bldg B, 2nd Floor
Memphis, TN 38125
901-434-8485
Fax: 901-434-9287
Email: charles.holmes@fedex.com

Seth Ryan Jewell , Sr.
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Rd.
Bldg B, 3rd Fl.
Memphis, TN 38125
901-434-8006
Email: seth.jewell@fedex.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 7183 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 12-point Courier New.

**ADDENDUM**

| RE | DESCRIPTION | PAGE ID |
|----|-------------|---------|
| 1 | Complaint | 1 - 33 |
| 10 | Amended Complaint | 44-93 |
| 18 | Answer | 138-165 |
| 43 | Order Granting in Part/Dismissing in Part Motion to Dismiss | 309-320 |
| 72(2) | Affidavit of Yvonne Craddock | 682-683 |
| 72(3) | Exhibit to Affidavit of Yvonne Craddock | 684-690 |
| 74 | Order Granting Motion for Summary Judgment | 726-752 |
| 75 | Judgment | 753 |
| 76 | Notice of Appeal Filed by Yvonne Craddock | 754 |
| 78 | Order of 6th Circuit | 759-771 |
| 82 | Amended Order 6th Cir | 789-801 |
| 100 | Motion for Sanctions | 825-959 |
| 103 | Motion in Limine To Exclude Testimonhy | 1009-1017 |
| 104 | Minute Entry | |

106     Response In Opposition to Motion to Exclude   1090-1107

113     Renewed Motion for Sanctions                  1158-1460

115     Response to Renewed Motions for Sanctions     1461-1597
122     Order Granting Motion for Sanctions           1599-1601

123     Minute Entry

125     Minute Entry

135     Exhibit and Witness List Offer of Proof       1615

139     Jury Instruction                              1620

140     Exhibit and Witness List Offer of Proof       1634

143     Exhibit and Witness List Trial                1638

144     Jury Instruction Verdict Form                 1640-1687

146     Jury Verdict                                  1688-1689

149     Amended Judgment                              1694-1695

164     Notice of Appeal                              2669-2673